UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON WALKER and
LATASHIA HAYES,

        Plaintiffs,

v.

RDR REAL ESTATE, LCC, JENNIFER
LEWARCHIK, RANDY LEWARCHIK,
ALEJANDRO PARRA, JAMES MILLER,
AND DONALD FARRIS,

        Defendants.
_____/

CASE NO. 11-10251

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS, GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFFS' MOTIONS FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFFS' MOTION TO AMEND**

This matter is before the Court on multiple motions of the parties. Defendants RDR Real Estate, Jennifer Lewarchik, and Randy Lewarchik filed a Motion for Summary Judgment and 12(b)(6) Motion to Dismiss (Docs. 64, 65). Plaintiffs, Clifton Walker and Latashia Hayes, filed a Cross-Motion for Summary Judgment against those Defendants. (Docs. 81, 82). Plaintiffs also filed a Motion for Summary Judgment against Defendant Donald Farris (Doc. 83) and a Motion to Amend to Join Necessary Parties (Doc. 92). Defendants Sergeant James Miller and Officer Alejandro Parra (hereinafter the "Officer Defendants") are not party to any of the above motions.

Plaintiffs filed an eight-count complaint in state court. (Doc. 11). The Complaint included Count I – assault and battery, Count II – false imprisonment, Count III – abuse of process, Count IV – civil rights violations, and Count V – intentional infliction of

emotional distress against all Defendants. The Complaint also included Count VI – breach of contract, Count VII – conversion, and Count VIII – violation of the Michigan Consumer Protection Act against RDR Real Estate, LLC, Jennifer Lewarchik, and Randy Lewarchik (hereinafter "Landlord Defendants"). Defendants removed to this court.

After discovery was complete, Landlord Defendants filed a 12(b)(6) Motion to Dismiss and a Motion for Summary Judgment against Plaintiffs. Defendant Officer Farris filed a Motion for Summary Judgment against Plaintiffs, but withdrew his motion. Plaintiffs then filed Cross-Motions for Summary Judgment against Landlord Defendants, and a Cross-Motion for Summary Judgment against Officer Farris. The Court heard oral argument on the motions on September 13, 2012, and at the conclusion of the hearing took the matter under advisement. For the reasons that follow, the Court grants Defendants' Motion to Dismiss as to Count III, grants Defendants' Motion for Summary Judgment on all other counts, denies Plaintiffs' Motions for Summary Judgment, and denies Plaintiffs' Motion to Amend.

**I.     STATEMENT OF FACTS**

In June of 2009, Plaintiffs, Clifton Walker and Latashia Hayes, moved into an apartment located at 484 Brainard Street, Detroit, MI 48201, which was owned and managed by the Landlord Defendants. Jennifer and Randy Lewarchik are married and have an ownership interest in the property through RDR. Walker signed the lease as the only tenant and listed Hayes as an occupant. (Defs.' Ex. A). Hayes did not sign the lease or pay rent.

On October 21, 2009, Walker filed a police report accusing Jennifer Lewarchik of entering his apartment on the previous day and stealing $2200 cash from his nightstand. (Pls.' Ex. 3). Also on October 21, 2009, Landlord Defendant's attorney, Lisa Schneider, drafted a "Notice to Terminate Tenancy," naming both Walker and Hayes as residents. (Pls.' Ex. 4). The notice incorrectly identified the location as 44 Brainard with a zip code of 48301, rather than the correct address of 484 Brainard with a zip code of 48201. (Id.) Subsequently, Landlord Defendants began receiving threats from the Plaintiffs (Defs.' Ex. D, p. 71-73) and Plaintiffs complained that the Landlord Defendants were harassing them. (Pls.' Attach. 2, p.37, 142-43). Eventually, Landlord Defendants filed a complaint for eviction against Walker and Hayes. (Pls.' Ex. 5A).

The parties dispute the facts giving rise to Plaintiffs' claims. According to Plaintiffs, on December 4, 2009, after they arrived home from shopping, they heard a banging on their door and a voice announcing "Detroit Police." (Pls.' Attach. 2, p.43). As Walker opened the door, three officers immediately came into the apartment with their guns drawn, yelling obscenities. (Id.) The officers, who were not in uniform, shouted at the Plaintiffs and escorted them out of the apartment into the hallway. (Id. at 45-46). Next, Plaintiffs contend that Parra and Miller held Walker up against the wall at gunpoint and frisked him while Farris pointed his gun at Hayes' stomach. (Pls.' Attach. 3, p.56-57; Pls.' Attach. 2, p.47-48).

Eventually, Walker was escorted back into the apartment, forced to sit in a chair, and instructed to cuff his hands behind his back. (Id.) Hayes claims that Officer Defendants repeatedly warned Plaintiffs not to harass Landlord Defendants. (Pls.' Attach. 2, p.48). Officer Defendants stated they were there to evict Plaintiffs and

3

showed Walker the judgment of eviction. (Pls.' Attach. 3, p.198). Because Hayes was crying, Walker offered the keys to the Officer Defendants, and they left the building. (Id. at 200-01). Landlord Defendants watched these events unfold from down the hallway. When Parra gave the keys to Landlord Defendants, Jennifer Lewarchik said "Good job." (Id. at 202).

Plaintiffs later called Landlord Defendants and asked permission to retrieve some belongings. Landlord Defendants refused absent a police escort. Later, Plaintiffs filed a police report detailing the incident that had occurred earlier in the day. (Pls.' Ex. 10). One year later, the City of Detroit charged Jennifer Lewarchik with crimes resulting from the December 4, 2009 incident. (Pls.' Ex. 12). The prosecutor dismissed the charges a couple months later. (Pls.' Ex. 13).

In contrast to Plaintiffs' version, Landlord Defendants assert that Jennifer Lewarchik called Officer Defendants to investigate the threats Walker left on her answering machine. (Defs.' Ex. D, p. 107-08). After Parra and Farris listened to the messages, they proceeded down the stairs towards Plaintiffs' apartment. (Defs.' 64 Ex. F, p. 98). Officer Defendants encountered Walker and advised him to stop making the threats. (Id. at 110). At this point, Miller had joined Parra and Farris. (Id.) The Officers Defendants' recitation of events varies as to where they first encountered Walker.

In contrast to Plaintiffs' assertion, Officer Defendants claim they told Walker that they were not there to evict him. (Id. at 100). Walker became very agitated and began "ranting and raving" about a "white bitch who wanted to evict him." (Id. at 112). Miller repeatedly attempted to explain to Walker that they were there about the threats, not about the eviction. (Defs.' Ex. G, p. 27-30). According to Officer Defendants, Walker

4

voluntarily left the apartment, and they never drew their weapons, yelled obscenities, or handcuffed Plaintiffs. (Defs.' Ex. D, p. 195-97; Ex. F, p. 165-68; Ex. G, p. 92-97).

## II.    STANDARD OF REVIEW

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if "'it fails to give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A complaint need not contain detailed factual allegations, but it must include more than labels and legal conclusions. Id. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. If the complaint contains well-pleaded factual allegations, the court must assume their veracity; but it need not assume the truth of bare legal conclusions. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

5

must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts supported by affidavits or other appropriate evidence establishing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1)(A). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S.Ct. 1769, 1775 (2007)). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. Hopson v.DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

### III. ANALYSIS

#### A. Landlord Defendants' Objections

Before addressing the merits, the Court considers Landlord Defendants' objections to Plaintiffs' Amended Responses based on Plaintiffs' late filing in violation of the Scheduling Order. Defendants request the amended responses be stricken from the record.

Because Plaintiffs have demonstrated their diligence in meeting the deadline and Defendants suffered no prejudice, the Court overrules Defendants' objections and will take the late filings into consideration. See Fed. R. Civ. P. 16(b); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002).

**B. Landlord Defendants' Motion to Dismiss and Motion for Summary Judgment, and Plaintiffs' Cross Motion for Summary Judgment**

### a. Intentional Torts Claims

In advancing their claims against Landlord Defendants, Plaintiffs do not allege that the Lewarchiks directly committed any of the intentional torts upon Walker and Hayes. Rather, Plaintiffs rely on a concert of action theory. They claim that the Lewarchiks encouraged and directed the officers to commit the torts upon Plaintiffs. Encouragement may be the basis of joint liability for an intentional tort such as battery even when a defendant has not physically assisted in the commission of the battery. Halberstam v. Welch, 705 F.2d 472, 481-82 (D.C. Cir. 1983).

The sole evidence upon which Plaintiffs rely is Walker's testimony that Jennifer Lewarchik said "Good job" to one of the officers after Walker handed over the keys. (Pls.' Attach. 3 p. 202). This statement is insufficient standing alone and occurred after the confrontation was over. It creates no inference that Landlord Defendants instructed Officer Defendants before or during the confrontation.

Further, Plaintiffs offer no evidence demonstrating the Lewarchiks had the authority to demand the officers enter and evict the Plaintiffs or that they substituted their judgment for that of the officers. Jennifer Lewarchik's admission that she knew Parra and Farris from a previous investigation, fails to establish the Defendants' authority to direct the actions of the police.

Plaintiffs' reliance on Holliday v. McKeiver, 401 N.W.2d 278 (Mich. Ct. App. 1986) as authority that the Lewarchiks may be held liable for the actions of the Officer Defendants is misplaced. Holliday merely holds that a plaintiff may rely on a concert of action theory when multiple defendants each act tortiously. The facts are readily distinguishable from the present case. Here, Plaintiffs failed to show any tortious action on the part of the Lewarchiks or any common design to which all Defendants acted.

Because Plaintiffs failed to establish an essential element of their claims, i.e. joint action, there is no genuine dispute as to material fact with regard to Plaintiffs' claims of assault and battery, false imprisonment, and intentional infliction of emotional distress. Therefore, RDR and the Lewarchiks are entitled to summary judgment on those claims.

### b. Civil Rights Violations

Next, Plaintiffs claim that Landlord Defendants violated the civil rights of the Plaintiffs by recruiting Officer Defendants to unlawfully evict Plaintiffs in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Even if the Court credits Plaintiffs' version of Officer Defendants' conduct, Plaintiffs' claims fail.

The conduct that causes the deprivation of a constitutional right must be fairly attributable to the state; either because the party charged was a state official or obtained significant aid from state officials. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 923-24 (1982). The Supreme Court has held that state action may arise "when it results from the State's exercise of 'coercive power,' when the State provides 'significant encouragement, either overt or covert,' or when a private actor operates as a 'wilfull participant in joint activity with the State or its agents.'" Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001).

It is undisputed Landlord Defendants are private parties, not state officials. Plaintiffs do not allege Landlord Defendants are state actors; they instead rely on a theory of joint action. If a private party is not a state actor, "[i]t is enough that [they are] willful participant[s] in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 28 (1980). Private parties who act jointly with state officials act under color of state law in §1983 actions. Id.; See also Moore v. Detroit Ent., L.L.C., 755 N.W.2d 686, 698 (Mich. Ct. App. 2008).

Although Plaintiffs stated a plausible claim, they have presented no evidence, other than Landlord Defendants calling those particular police officers, to support joint action. The Eighth Circuit has held that private parties calling the police for eviction does not equate to state action. Young v. Harrison, 284 F.3d 863, 870 (8th Cir. 2002). In Young, the court found that a hotel security guard was not a state actor when he called the police to evict the plaintiffs from their room. Id. "A private person does not conspire with a state official merely by invoking an exercise of the state official's authority." Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1208 (7th Cir. 1980).

Furthermore, Plaintiffs have not presented sufficient evidence "that would enable a rational factfinder to conclude that the officers' conduct . . . resulted from concerted action 'tantamount to substituting the judgment of a private party for that of the police or allowing the private party to exercise state power.'" Young, 284 F.3d at 870 (quoting Alexis v. McDonald's Rest., 67 F.3d 341, 352 (1st Cir. 1995)). Plaintiffs' claims of joint action are speculative at best. Accordingly, Landlord Defendants are entitled to summary judgment on Plaintiffs' claims of civil rights violations.

### c. Abuse of Process

Plaintiffs argue that the eviction proceedings were an abuse of process because the address was incorrect and Landlord Defendants wanted Plaintiffs out. Plaintiffs further argue that Landlord Defendants began eviction proceedings for the purposes of retaliation, embarrassment, and humiliation.

To establish a prima facie case of abuse of process, "a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." Friedman v. Dozorc, 312 N.W.2d 585, 594 (Mich. 1981). The threshold inquiry is not the "wrongful procurement of legal process . . . . it is the misuse of process . . . for any purpose other than that which it was designed to accomplish." Restatement (Second) of Torts §682, cmt a (1965). Usually there is some form of extortion or attempt to gain a collateral advantage against a party "outside the scope of the operation of the process employed." Three Lakes Ass'n v. Whiting, 255 N.W.2d 686, 690 (Mich. Ct. App. 1977). Ulterior motive, alone, is not enough. Id.

Plaintiffs allege an ulterior motive for commencing the eviction proceedings against them, but fail to allege the second element of improper purpose. There are no allegations that Landlord Defendants used the eviction proceedings for any other purpose than to evict Plaintiffs. This is insufficient as a matter of law. Plaintiffs merely claim that the motive was to humiliate and embarrass them. They allege nothing more than legal conclusions without so much as a scintilla of evidence in support. This is insufficient to state a viable claim for abuse of process; therefore, dismissal is proper.

### d. Breach of Contract

Plaintiffs argue that the unlawful eviction constitutes a breach of the lease agreement. Because Walker signed the lease agreement and paid rent, he has standing to enforce the contract. However, Hayes did not sign the lease or pay rent, and the Complaint did not allege that she was a third party beneficiary to the lease. Therefore, Hayes' breach of contract claim is dismissed for lack of standing.

Although Walker has standing, the Court dismisses his claim based on principles of comity between state and federal courts. The 36th District Court entered a default judgment and order of eviction against Plaintiffs. Although the documents contained the wrong address, Walker admitted to receiving both the notice to terminate tenancy and the eviction judgment and ignoring both documents. The 36th District Court determined that eviction was proper, and Walker failed to show up and defend himself in the action. "Principles of comity require federal courts to defer to a state's judgment on issues of state law." Albrecht v. Treon, 617 F.3d 890, 898 (6th Cir. 2010). Permitting Walker's breach of contract claim requires this Court to overstep the state court's decision in the eviction proceedings. Walker is essentially appealing the default judgment against him in state court in the form of a breach of contract action in federal court. Walker waived his right to challenge the eviction proceedings by ignoring legal documents and failing to appear at the state hearings. Walker's proper avenue of recourse was to appeal the decision to the appropriate state tribunal. Accordingly, the breach of contract claim is dismissed.

### e. Conversion

Plaintiffs argue that the Landlord Defendants unlawfully locked them out of their apartment while their property remains in the unit, despite their demands to access their property.

Without question, here, the wrongful "dominion over the property begins when [a landlord] changes the locks." Gum v. Fitzgerald, 262 N.W.2d 924 (1977). "If there is a refusal of the right to possession a conversion has occurred and no further demand is necessary." Id. at 239. Therefore, plaintiff must allege that the landlord has refused possession of the premises or locked him out while his property remains inside. Id. Plaintiffs "are required to show that a reasonable attempt has been made to recover their property in order to establish that their right to possession has been refused." Id.

It is undisputed that Landlord Defendants allowed Plaintiffs to re-enter the premises on December 4 with a police escort. (Defs.' Ex. D, p. 150-52; Defs.' Ex. J, p. 253; Pls.' Attach. 4, p. 11-14). The Gum standard that wrongful dominion occurs once a landlord changes locks is not wholly applicable here because the state court determined that the commencement of eviction proceedings was proper. Thus, wrongful dominion is not presumed by changing the locks, but must be shown by refused attempts to obtain property. Plaintiffs have failed to meet their burden.

Plaintiffs claim their repeated demands to access their property have been ignored by the Landlord Defendants. However, this is inconsistent with the admissions of Plaintiffs that they were granted access to the apartment with a police escort the night of December 4, 2009. There is no evidence of any other specific demands by Plaintiffs and no evidence that Landlord Defendants would in fact refuse Plaintiffs' access to the

apartment as long as they are escorted by police. Construing the facts in a light most favorable to the Plaintiffs, the Landlord Defendants are nonetheless entitled to summary judgment regarding Plaintiffs' claim of conversion.

### f. Violation of the Michigan Consumer Protection Act

Plaintiffs allege violations of three sections of the Michigan Consumer Protection Act ("MCPA"). See Mich. Comp. Laws § 445.901, *et seq*. Plaintiffs claim that they are entitled to a refund of their security deposit under § 903(1)(u) because Landlord Defendants wrongfully initiated eviction proceedings and breached the lease agreement. They also claim that Landlord Defendants failed to provide the promised benefits of the transaction under § 903(1)(y) and that the eviction order was fake, causing confusion as to their legal rights under § 903(1)(n).

The MCPA prohibits "unfair, unconscionable or deceptive methods, acts, or practices in the conduct of trade or commerce." M.C.L § 445.903(1). Trade or commerce is defined as "a business providing goods, property, or service primarily for personal, family, or household purposes and includes the . . . offering for sale or rent, sale, lease, or distribution of a service or property, tangible intangible, real, personal, or mixed." § 445.902(1)(g). Prohibited acts include:

> (n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligation, or remedies of a party to a transaction.
>
> (u) Failing, in a consumer transaction that is rescinded, cancelled or otherwise terminated in accordance with the terms of an agreement . . . to promptly restore to the person or persons entitled to a security deposit.
>
> (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

§§ 445.903(1)(n), (u), (y).

In the context of § 903(1)(n), the confusion of legal rights generally involves a misunderstanding as to the language, representations, or omissions made during a transaction. See Bolan v. Auto-Owners Ins. Co., 2007 WL 4322263 *4 (Mich. App. 2007). Here, Plaintiffs failed to provide any evidence that they did not understand the lease agreement or the eviction documents. They allege the eviction documents were intentionally falsified, but offered no evidence to support this claim. Landlord Defendants produced an affidavit of their attorney stating that the wrong address was an administrative error. (Defs.' Ex. M, p. 87). Furthermore, Walker admitted to receiving and ignoring the eviction documents. Ironically, Plaintiffs claim confusion while admitting to neglecting legal documents.

Sections 903(1)(u) & (y) turn on the decision of the state court that the eviction was properly commenced. Because Plaintiffs were properly evicted, they are not entitled to a return of their security deposit and cannot claim that Landlord Defendants failed to provide the promised benefits of the transaction. Accordingly, Landlord Defendants are entitled to summary judgment on all of Plaintiffs' MCPA claims.

**C. Plaintiffs' Motion for Summary Judgment Against Officer Donald Farris**

Plaintiffs filed a motion for summary judgment against Farris with respect to the claims of assault and battery, false imprisonment, abuse of process, civil rights violations, and intentional infliction of emotional distress. This motion was filed in response to Farris' motion for summary judgment. Farris then filed a withdrawal of his motion, in which he conceded there are genuine issues of material fact regarding the liability of Officer Defendants.

Plaintiffs contend they are entitled to summary judgment because Farris failed to produce any admissible evidence to contradict the evidence in support of the claims and failed to provide a valid defense.

Farris provided admissible evidence in the form of affidavits and deposition testimony in which he denied every material allegation against him. This is further supported by the deposition testimony and affidavits of Parra and Miller who also denied Plaintiffs' allegations. Construing the facts in a light most favorable to Farris, it is clear that Plaintiffs' motion for summary judgment fails, as there are multiple disputes of material fact sufficient to present to a jury. Each of Plaintiffs' claims turns on the conduct of Officer Defendants. All Officer Defendants deny drawing their weapons or engaging in any wrongful conduct as alleged by Plaintiffs. Therefore, Plaintiffs' motion is denied.

### D. Plaintiffs' Motion to Amend to Join The Detroitist Group

Plaintiffs filed the motion to amend after discovery was final, after the motion cut-off date, after Defendants had filed dispositive motions, and after ninety days had passed since the discovery of the transfers during depositions. Plaintiffs attempt to join The Detroitist Group, an entity they claim now owns the Brainard Apartments. They assert that Landlord Defendants transferred ownership in anticipation of avoiding an unfavorable judgment. Because all of Plaintiffs' claims against Landlord Defendants are resolved, the Court denies Plaintiffs' motion.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Landlord Defendants' Motion to Dismiss with respect to Count III, **GRANTS** Landlord Defendant's Motion for Summary

Judgment on all other Counts, **DENIES** Plaintiffs' Cross-Motion for Summary Judgment against Landlord Defendants, **DENIES** Plaintiffs' Motion for Summary Judgment against Defendant Farris, and **DENIES** Plaintiffs' Motion to Amend to Join Necessary Parties.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATE:  September 20, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record, electronically.

        s/Bernadette M. Thebolt
        Case Manager